# COMMON PLEAS OF LACKAWANNA CO.

### LOFTUS vs. BIRMINGHAM.

*Opening judgment on exemplification—Practice—New county act.*

1. Judgments entered in the county of Lackawanna on exemplification from Luzerne, are still subject to the jurisdiction of Luzerne county courts, and application to open such judgments must be made where the judgment was originally obtained. The general practice in regard to exemplifications is not altered by the act of April 17th, 1878 (new county act).

Rule to open judgment on exemplification from Luzerne County.

Opinion by HAND, J.

The question raised in this case is whether this court may properly open the judgment entered on an exemplification from Luzerne county, for causes which apply to the original judgment. At the time of granting the rule, we expressed our doubts in regard to it, but have allowed an argument for the purpose of deciding the question. It is claimed under section 14, of the act of April 17, 1878 (Purdon 2103, pl. 14,) that the phrase, "and like proceedings had as in the original," makes the court of this county the proper one in which to make this application. This section provides that the lien of all mortgages, judgments, etc., shall not be affected by the establishment of the new county, but to proceed thereon certified copies thereof shall be made, etc. It is clear that the certified copy, and the entering in the new county is a *proceeding on* the old judgment. The old judgment is not disturbed, but remains as the original judgment. It is also clear that the proceedings contemplated are proceedings for collection and enforcement, and not for correction or control of the original judgment. That judgment is still a record of the court, first acquiring jurisdiction, and it has control over its own records and judgments. There is apparently no intention to oust that jurisdiction. Such an intention, if it were apparent, would create confusion,

and possibly a clashing of jurisdiction, if not a multiplicity of litigation. We therefore think that the judgment in this county should not be opened except possibly for matters arising since the taking of the certified copy from the old county, and connected with the proceeding in the new county. We hold the better practice to be to permit a provisional stay of the writ, in order to give an opportunity to apply in the original county to have the judgment opened there. These views accord with the principles laid down, and fixing the practice already adopted by our courts. While the larger portion of the cases decided are based upon the construction of the act of 1840, relating to executions (P. L. 410), nevertheless, the principles enumerated in the decisions, put the cases upon a broader basis than the technical language of that act. In King vs. Nimick, 10 C. 298, Chief Justice Lowrie says, "Among equal courts that which has primary control of a question, has the absolute control, and it alone or its superiors, can correct its errors."

Chief Justice Gibson says in Brandt's Appeal, "the object of the legislature was not to create a new lien, but to enlarge the field of an old one, and enforce it by local authority."

In Knauss's Appeal, 13 Wr. 421, Agnew J. says, "what pertains to the debt and gives vitality to the obligation is due to the original judgment, while that which pertains to its enforcement in its new sphere is derived from the transfer."

The decisions in the above cited cases have settled a mode of practice which is clear and free from complication, and unless there is an intention clear to change this practice by the legislature, it ought not to be disturbed. The language in the new county act of 1878, is almost identical with that in the 11th section of the act of 16 April, 1845 (Purdon 822, pl. 17), where the court are authorized to proceed thereon as if the judgment had been originally entered in said court." It could not be maintained after the decisions above cited that this lan-

guage has changed the practice under the law of 1840, so as to allow the courts to open judgments in the county to which they are transferred. It is clear to us that we ought not to give such force to the language of the act of 1878.

The rule in this case is discharged, with permission, if desired, to defendants to apply to the original court to open the judgment there, reasonable time being allowed for such application.

Campbell, for rule.

Fitzsimmons, contra.

## NOTES OF RECENT DECISIONS IN SUPREME COURT OF PENNSYLVANIA.

Under the Act of April 27, 1855 (P. L. 368), the children of deceased uncles and aunts of an intestate take *per stirpes* the share to which their parents, if living, would have been entitled, and not *per capita*.

The Act of April 27, 1855 (P. L. 368), constituted the grandchildren of brothers and sisters, and the children of uncles and aunts, additional classes of collateral heirs as distinguished from next of kin. The provisions, therefore, of section 14 of the Act of April 8, 1833,(P. L. 315), have no application.

Brenneman's Appeal, 4 Wr. 115, followed.—*Hayes' Appeal.*

The Act of April 18th, 1878 (P. L. 29), entitled "An Act to provide for the holding of Courts in certain cities of this Commonwealth," is in conflict with Art. III. Sec. 7 of the State Constitution, and is, therefore, unconstitutional and void.

PER PAXON, J. There can be no proper classification of cities or counties, except by population. Geographical distinctions cannot be resorted to, without entering the domain of special legislation.

Act of 23d of May, 1874, and Wheeler vs. City, 22 Sm. 338, distinguished.—*Com. ex rel Fertig vs. Patton.*